IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSSELL JACKSON ELLINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-349-E |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 30th day of November, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.   *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the

evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff appeals the Administrative Law Judge's ("ALJ") July 27, 2021 decision. (R. 10-20). In so doing, he raises the following issues: (1) the Commissioner failed to build an "accurate and logical bridge" between the residual functional capacity ("RFC") and the Plaintiff's mental limitations; (2) the Commissioner failed to account for Plaintiff's absenteeism; (3) the RFC was impermissibly based on the ALJ's lay opinion instead of a medical opinion; and (4) the ALJ failed to develop the record by ordering a consultative examination. (Doc. No. 12).

There is no merit to Plaintiff's first argument that the ALJ did not build an "accurate and logical bridge" between Plaintiff's "moderate Paragraph B mental limitations" and the RFC. (*Id.* at 9-11). There is no requirement that the ALJ discuss every piece of evidence in the record, but Plaintiff is correct that the ALJ must provide at least a glimpse into his or her reasoning. "Even if enough evidence exists in the record to support the decision, [the Court] cannot uphold it if 'the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Hodes v. Apfel*, 61 F. Supp. 2d 798, 806 (N.D. Ill. 1999) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)). As part of constructing such a bridge, the ALJ must sufficiently explain the weight given to all the probative evidence in order for substantial evidence to support the ALJ's decision. *See Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, . . . an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (citation omitted).

Here, the ALJ provided an "accurate and logical bridge" connecting the Plaintiff's mental limitations, as shown in the record, to the RFC. In formulating the RFC, the ALJ found Plaintiff's testimony not fully credible because Plaintiff's statements concerning the intensity, persistence, and limiting effects of his impairments were not entirely consistent with the evidence in the record. (R. 15). The ALJ also noted Plaintiff's past mental history significant for anxiety and depression and Plaintiff's diagnosis of major depressive disorder, recurrent in nature. (R. 17). The ALJ then incorporated several limitations in Plaintiff's RFC to account for this evidence, stating:

> Considering the evidence in a way most favorable to the claimant, the undersigned has restricted the claimant to the performance of routine, repetitive tasks requiring only occasional judgment, decision-making, and workplace changes, and only occasional interaction with the public to account for any reasonably demonstrated limitations stemming from

anxiety and depression, as well as pain distraction.

(R. 17). In this way, the ALJ explained how he accounted for Plaintiff's mental limitations by considering the record evidence showing his history of mental health disorders, and construing that evidence in Plaintiff's favor. Accordingly, the ALJ's mental limitations within the RFC are supported by substantial evidence.

Further, the ALJ did not err by failing to account for Plaintiff's alleged absenteeism. Plaintiff argues that the ALJ erred by not accepting his testimony as to absenteeism due to depressive episodes. (Doc. No. 12 at 11-12). However, Plaintiff does not point to, and the record does not reflect that, any opinion or objective evidence supported Plaintiff's testimony on this point. The Court notes that while a claimant's testimony regarding his subjective complaints is certainly relevant, an ALJ is not under an obligation to simply accept what the claimant said without question. *See* 20 C.F.R. § 416.929(c)(4); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011). As explained above, the ALJ did not find Plaintiff's testimony to be entirely credible. (R. 15). To the extent that Plaintiff argues that the ALJ inadequately considered his testimony regarding depressive episodes and resulting absenteeism, the Court notes that, generally, when an ALJ has articulated reasons supporting a credibility determination, that determination is afforded significant deference. *See Horodenski v. Comm'r of Soc. Sec.*, 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003). Here, the Court finds that there was sufficient evidence to support the ALJ's findings regarding the veracity of Plaintiff's subjective complaints.

Additionally, the Court rejects Plaintiff's argument that the ALJ improperly substituted his lay opinion for that of a medical expert when crafting the mental limitations in the RFC. (Doc. No. 12 at 13-14). This Court has previously rejected the argument that ALJs must premise their RFC findings upon a specific medical opinion. *Hornyak v. Colvin*, No. CV 15-74-E, 2016 WL 1255288, at *1 n.1 (W.D. Pa. Mar. 30, 2016) (citing *Doty v. Colvin*, No. 15-74-E, 2014 WL 29036 (W.D. Pa. Jan. 2, 2014); *Callahan v. Colvin*, No. 13-1634, 2014 WL 7408700 (W.D. Pa. Dec. 30, 2014)). The ALJ's crafted RFC is an administrative finding that is based on all the evidence. Accordingly, the ALJ is obligated to review all of the evidence to determine what limitations are appropriate for inclusion in the RFC. *See* 20 C.F.R. § 416.927(d). An ALJ can fulfill that obligation without inappropriately substituting his or her lay opinion for that of a medical expert. *See Galloway v. Comm'r of Soc. Sec.*, No. CV 20-4669, 2021 WL 4477145, at *4 (E.D. Pa. Sept. 30, 2021).

In this case, the ALJ formulated Plaintiff's mental limitations based on record evidence of Plaintiff's history of anxiety and depression, and his diagnosis of major depressive disorder, recurrent in nature. (R. 17). The ALJ also noted that Plaintiff had no record of any formal mental health treatment and that primary care records cited no

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 11) is DENIED, and Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED.

s/Alan N. Bloch<br>
United States District Judge

ecf:	Counsel of record

---

significant mental health concerns. (*Id.*). While the ALJ did not explicitly base his RFC on a specific medical opinion, this is not required and does not mean that the ALJ substituted his lay opinion for that of a medical expert. *See Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006) (stating there is no current "legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC."). What the ALJ did was provide a sufficient explanation for the basis of his RFC findings for the Court to determine that these findings were supported by substantial evidence. Accordingly, the Plaintiff's argument on this point is without merit.

Lastly, the Court finds without merit Plaintiff's argument that the ALJ should have ordered a consultative exam to fully develop the record. (Doc. No. 12 at 14-15). While an ALJ *may* order a consultative examination to resolve an inconsistency or if the record is insufficient to render a decision, he or she is generally not required to do so. *See* 20 C.F.R. §§ 416.919a, 416.920b; *Thompson v. Halter*, 45 Fed. Appx. 146, 149 (3d Cir. 2002). Generally, an ALJ is authorized to obtain a consultative examination "if the information needed to make a disability determination, 'such as clinical findings, laboratory tests, a diagnosis[,] or [] prognosis' cannot be obtained from the claimant's medical sources." *Tuulaupua v. Colvin*, Civ. No. 14-1121, 2015 WL 5769984, at *6 (W.D. Pa. Sept. 30, 2015) (quoting 20 C.F.R. §§ 416.919a(a) and (b)). Such an examination may be ordered "to try to resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision on [the claimant's] claim." 20 C.F.R. § 416.919a(b). The decision whether to order such an examination is within the sound discretion of the ALJ. *See Thompson*, 45 Fed. Appx. at 149. This decision "should be firmly rooted in an assessment of the evidence as a whole." *Woodman v. Berryhill*, Civ. No. 3:17-cv-151, 2018 WL 1056401, at *5 (M.D. Pa. Jan. 30, 2018). For essentially the same reasons stated above, there was no insufficiency or inconsistency in the record that would suggest the need for a consultative examination and/or review of the record. This is particularly true given an ALJ's broad discretion in regard to this issue.

For this and all these reasons, the Court affirms the decision of the ALJ.